OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
In this summary proceeding to be restored to possession of a residential apartment (see RPAPL 713 [10]), petitioner Crystal C. Clarke (tenant) alleges, among other things, that, as of October 16, 2012, respondent (landlord) had illegally locked her out of her residential building by failing to provide her with keycards to the new locks that had been installed on the entry doors solely because she had refused to provide landlord with a photograph of herself. At a hearing, landlord submitted evidence of a Division of Housing and Community Renewal (DHCR) order dated May 11, 2012, which stated, among other things, that “[e]ntry to the buildings will be accessed by electronic keycards”; if “tenants are locked out, the lobby front door attendant will contact security and after security verifies the identity of the person, entry will be permitted”; “[t]enants will be given electronic keycards”; and “[e]ach person receiving a keycard is required to sit for a photo to be electronically associated with such keycard.” Following the hearing, the Civil Court found, among other things, that tenant had been unlawfully evicted from the apartment, pursuant to Administrative Code of the City of New York § 26-521 (a), and awarded a final judgment of possession to tenant.
*29 Contrary to the determination of the Civil Court, the unlawful eviction provisions of Administrative Code of City of NY § 26-521 subject a violator to criminal liability and civil penalties, but do not provide an avenue through which a tenant can be restored to possession of an apartment (see Barclay v Natoli, NYLJ, Dec. 30, 1998 [App Term, 2d Dept, 2d & 11th Jud Dists]).
In order to be entitled to be restored to possession of the apartment pursuant to RPAPL 713 (10), tenant was required to demonstrate that landlord had “entered the property [the apartment] or remains in possession by force or unlawful means.” While it is uncontroverted that landlord did not provide tenant with keycards for the new entry door locks that were installed as part of tenant’s residential building’s new security system, no changes had been made to the locks on the door of tenant’s apartment, and landlord acted well within its rights when it did not provide tenant with keycards because she had refused to comply with the photograph requirement contained in the May 11, 2012 DHCR order. Moreover, we note that the DHCR order also provided that if “tenants are locked out, the lobby front door attendant will contact security and after security verifies the identity of the person, entry will be permitted,” and, tenant did not testify at the hearing that she had identified herself to anyone, let alone that, thereafter, she had not been permitted to enter the building. Consequently, since tenant failed to demonstrate that landlord had “entered the property or remains in possession by force or unlawful means,” we find that she did not show that she is entitled to be restored to possession.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Pesce, P.J., Solomon and Elliot, JJ., concur.